**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0530n.06
Filed: June 21, 2005

**No. 04-5828**


**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

HARVEY L. LATIMER, HUEY
NEWBERRY, PATRICIA W. NEWBERRY,
and DARRYL BIVENS,

      Plaintiffs-Appellants,                    ON APPEAL FROM THE UNITED
                                           STATES DISTRICT COURT FOR THE
v.                                     MIDDLE DISTRICT OF TENNESSEE

KENNETH ROBINSON, Commissioner of      ORDER
the Tennessee Department of Health, and
MANNY MARTINS, Deputy Commissioner
of the Tennessee Tenncare Bureau,

      Defendants-Appellees.

_____/


BEFORE:    CLAY and SUTTON, Circuit Judges; REEVES, District Judge.[*]

    **PER CURIAM.**  Plaintiffs Harvey L. Latimer, Huey Newberry, Patricia W. Newberry, and

Darryl Bivens, who are general dentists practicing in Tennessee, appeal the district court's May 24,

2004 order dismissing their claim under 42 U.S.C. § 1983 against Defendants Kenneth Robinson,

who is Tennessee's Commissioner of the Department of Health, and Manny Martins, who is the

Deputy Commissioner of the Tennessee TennCare Bureau. Plaintiffs allege that TennCare's recent

---

    [*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

promulgation, without notice or an opportunity to be heard, of Standard Operating Procedure ("SOP") No. 039, under which general dentists are no longer reimbursed for orthodontic services they provide to Tennessee's Medicaid enrollees except in extenuating circumstances, violated their rights to procedural and substantive due process under the Fourteenth Amendment to the U.S. Constitution. *See* U.S. CONST. amend. XIV (providing that no State shall "deprive any person of life, liberty, or property, without due process of law"). The district court held that Plaintiffs' complaint failed to state a claim upon which relief can be granted, and dismissed it pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to allege a constitutionally-protected property interest in Plaintiffs' continued receipt of reimbursements from TennCare for the provision of orthodontic services.

"[T]hree inquiries must be made to determine whether, in a § 1983 action, a procedural due process violation has been established. They are: (1) whether the claimant has established a life, liberty or property interest protected by the Due Process Clause; (2) whether that interest was 'deprived' within the meaning of the Due Process Clause; and (3) whether adequate procedures were afforded prior to the deprivation of the protected interest." *Franklin v. Aycock*, 795 F.2d 1253, 1261-62 (6th Cir. 1986). The sole question on appeal is whether Plaintiffs have articulated a cognizable property interest.

Plaintiffs maintain that SOP No. 039 deprives them of their property interest in their dentistry licenses, which permit them to perform orthodontic services in Tennessee. A license to perform dental services, however, does not translate into an entitlement to receive a particular business opportunity from the TennCare program (*i.e.*, reimbursement for orthodontic services). *Cf. Med*

*Corp, Inc. v. City of Lima*, 296 F.3d 404, 410 (6th Cir. 2002) (rejecting asserted property interest of ambulance company alleging violation of its due process rights in connection with city's proposed suspension of 911 calls to the company for a period of one week; although the city code guaranteed the plaintiffs the right to do business, it did not guarantee them "the right to receive particular business opportunities from the City"). Plaintiffs still can practice dentistry to the fullest extent permitted by their licenses on both TennCare enrollees and non-TennCare enrollees. *See* TENN. COMP. R. & REGS 1200-13-1-.05(c) ("Providers may seek payment from a Medicaid recipient under the following conditions: … the services provided are not covered by Medicaid and the provider informed the recipient the service was not covered prior to providing the service."). They simply are no longer reimbursed by the State of Tennessee when they perform certain orthodontic services on TennCare enrollees.

Plaintiffs also have alleged no facts showing that TennCare's policy of not reimbursing general dentists for orthodontic care renders their dental licenses valueless. In fact, Plaintiffs' own complaint reveals that the lion's share of their revenue (70 to 80%) comes from dental services that are not impacted by SOP No. 039. Because the policy does not "*completely* destroy the value" of their dental licenses, *Med Corp.*, 296 F.3d at 413 (emphasis in original), there is no basis to hold that SOP No. 039 amounts to an effective revocation of their dental licenses.

In addition, although the TennCare program has promulgated eligibility criteria for provider-participants who seek reimbursement for Medicaid services, *see* TENN. COMP. R. & REGS 1200-13-1-.05(1)(a); *id.* 1200-13-.16(2)(a), the eligibility criteria alone are insufficient to create a property interest in the receipt of reimbursements. There also must be a statute, regulation, or rule that limits

TennCare's ability to define the universe of providers eligible for such reimbursements. *See Lucas v. Monroe County*, 203 F.3d 964, 967-68, 978 (6th Cir. 2000) (holding that wrecker service operators did not have a property interest in being on a towing service call list maintained by the sheriff; although the operators had to satisfy a number of eligibility criteria to be placed on the list, none of the criteria limited the sheriff's ability to remove an operator from the list, and there were no procedures for suspension or removal from the list); *Med Corp.*, 296 F.3d at 410 (rejecting asserted property interest because the plaintiff could not point to "some policy, law, or mutually explicit understanding that both confer[red] the benefit and limit[ed] the discretion of the City to rescind the benefit"). As in *Med Corp.* and *Lucas*, there is no regulation or policy (at least Plaintiffs have pointed to none) that limits TennCare's discretion to adopt a policy that denies reimbursement to general dentists for orthodontic services they provide to TennCare enrollees.

Finally, the lack of a cognizable property interest is exemplified by Plaintiffs' concession that the TennCare program has the legal right to completely exclude all dentists from the program and/or eliminate reimbursements for orthodontic services altogether to any provider. *See Pls' Br.* at 8 ("[Plaintiffs] can not [sic] complain if they, along with every other dentist similarly situated, are terminated from participation in the program or if their fees are drastically reduced by the program or, due to budgetary reasons, the Program eliminates the provision of orthodontics to enrollees altogether."). If a complete denial of TennCare reimbursements to dentists generally would not give rise to a due process claim, it necessarily follows that TennCare's decision to deny reimbursement to dentists for only a subset of dental services also does not interfere with Plaintiffs' due process rights.

Plaintiffs' substantive due process right claim fails for the same reasons.  They are required to show that Defendants denied them a federal right in the form of a protected property or liberty interest.  *Sperle v. Michigan Dep't of Corrs.*, 297 F.3d 483, 490 (6th Cir. 2002); *Silver v. Franklin Township, Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992) ("To establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally-protected property or liberty interest.").  Because Plaintiffs have no property or liberty interest in continuing to be reimbursed for providing orthodontic services to TennCare enrollees, their substantive due process claim necessarily fails.

For all the foregoing reasons, we **AFFIRM** the May 20, 2004 order of the district court, dismissing Plaintiffs' complaint with prejudice.